# TAFT WOOLEN CO. v. UNITED STATES.
## No. J–61.

Court of Claims.
March 3, 1930.

The court, upon the report of a Commissioner, makes the following special findings of fact:

I. The plaintiff, Taft Woolen Company, is a corporation duly organized and existing under the laws of the state of Massachusetts, having its principal office and place of business in the village of Caryville, town of Bellingham, in said state, and during the calendar year ended December 31, 1918, was, and now is, engaged in the manufacture and sale of low-grade woolens.

II. On or about March 14, 1919, the plaintiff filed with the collector of internal revenue at Boston, Mass., for the calendar year 1918, its tentative return and estimate of corporation income and profits taxes and request for extension of time for filing return, on form 1031–T, furnished to plaintiff by the Commissioner of Internal Revenue, and on said date paid to the said collector the sum of $72,897.65 as one-fourth of the estimated tax of $291,590.59, as shown on said tentative return. The following rider was attached to the said return:

"The company claims the benefit of sections 327 and 328 of the excess and war profits law, and article 901 of the Regulations. The tax as figured without the benefit of these sections is in excess of 50% of its net income, and for that reason the tax is estimated at 50% of such income, and the income tax has been computed upon the basis of a deduction of such tax. The company reserves all rights of protest against the application of regulations and Treasury

decisions affecting the computation of its tax."

III. On or about June 14, 1919, the plaintiff completed said return as filed on or about March 14, 1919, as aforesaid, by filing its corporation income and profits tax return for the calendar year 1918 on form 1120 for said calendar year with the collector of internal revenue, which return showed a total tax liability computed under the provisions of sections 201 and 301 of the Revenue Act of 1918 (40 Stat. 1059, 1088) of $429,616.20. At the time of filing form 1120, as aforesaid, the plaintiff paid to the said collector the sum of $142,000, being one-quarter of the total tax so found to be due, to wit, $107,404.05, plus a deficiency in the March 14, 1919, payment of $34,506.40, and on account of interest on said deficiency, $89.55. Subsequently, as required by law, the plaintiff paid to the said collector on September 13, 1919, the sum of $107,404.05, and on December 13, 1919, the sum of $107,-404.05, making in all the total sum of $429,-705.75 so paid.

IV. On or about February 14, 1921, the Commissioner of Internal Revenue informed the plaintiff that an audit of its return for the year ended December 31, 1918, indicated that it was subject to an additional tax in the amount of $3,262.18 for that year. On July 29, 1921, the plaintiff paid said sum to the said collector, thus making a total of income and profits taxes for the calendar year 1918 paid by the plaintiff to the said collector, as aforesaid, amounting to $432,-967.93.

V. The said Commissioner having failed to act on plaintiff's claim and application for the benefit of sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1093), plaintiff, on or about December 8, 1921, duly filed with the collector of internal revenue aforesaid a further application for assessment of its profits tax under the provisions of said sections, which said application was attached to a claim for a refund of taxes erroneously or illegally assessed and collected in the sum of $152,008.52.

VI. On or about October 7, 1922, the Commissioner of Internal Revenue, in consequence of said application and claim, caused plaintiff's tax liability to be recomputed under the relief provisions of said act, and found, as a result thereof, that plaintiff had been over assessed the sum of $92,-443.00. The said overassessment was made the subject of a certificate of overassessment bearing date October 7, 1922, which was forwarded to and received by plaintiff, together with a Treasury check in the sum of $92,-443.00, and in due course plaintiff received the proceeds thereof.

VII. On or about March 25, 1924, the Commissioner of Internal Revenue informed the plaintiff that a re-examination had been made of its application for assessment of its profits tax under the relief provisions of the Revenue Act of 1918, together with all other evidence in the case, which re-examination had disclosed the fact that the computation previously made which had resulted in the issuance of a certificate of overassessment in the amount of $92,443.00 was an erroneous one, and that a correct computation of the plaintiff's tax liability under sections 327 and 328 of the Revenue Act of 1918 indicated an additional tax due of $45,398.73. The plaintiff was further informed that the additional assessment necessary to correct the excessive overassessment erroneously determined would be listed immediately without the usual thirty-day notice, as provided in section 250 (d) of the Revenue Act of 1921 (42 Stat. 265). The said amount of $45,-398.73 was reassessed by the said Commissioner shortly thereafter.

VIII. On April 18, 1924, the collector of internal revenue at Boston, Mass., transmitted to the plaintiff a demand for tax, notifying the plaintiff that there had been assessed against it the sum of $45,398.73, and that, if payment was not made within ten days from the date of the notice, a penalty of 5 per cent. of the amount of tax would be added plus interest at the rate of 1 per cent. per month until paid.

Prior to April 18, 1924, the plaintiff filed in the office of the Commissioner of Internal Revenue at Washington a claim for abatement of the additional tax of $45,398.73 assessed, on the grounds that the matter had become res adjudicata and was also barred by the statute of limitations; that the total tax assessable for said year had already been paid in full; that the said claim for refund had been duly allowed only after careful consideration of all the facts, and that check in payment thereof had been accepted in full settlement; that the said Commissioner was without legal authority to make the re-examination and assessment.

On or about November 25, 1924, the Commissioner of Internal Revenue rejected the plaintiff's claim for abatement stating that: "* * * the bureau holds that the Commissioner of Internal Revenue may assess any tax found to be due even though such

tax may have previously been erroneously abated or refunded, provided that such assessment is made within the time prescribed by statute and that the comparatives used in the final determination are in the aggregate fairly representative in all the material particulars specified in the act."

IX. On or about December 20, 1924, the plaintiff filed an appeal from the said additional tax of $45,398.73 with the United States Board of Tax Appeals, which said appeal was dismissed by said Board April 11, 1925, on the ground it was without jurisdiction.

X. On or about May 20, 1925, the said collector demanded payment in writing of the said sum of $45,398.73, together with interest in the total sum of $47,199.54, and notified plaintiff that, if said sum was not paid within ten days after date of said notice, plaintiff would be liable for additional penalties and penal interest.

Thereafter, on or about June 1, 1925, the plaintiff paid to the collector of internal revenue at Boston the sum of $47,199.54, which payment included both the special assessment of $45,398.73 and interest in the amount of $1,800.81. In its letter of May 30, 1925, transmitting to the collector of internal revenue the check for $47,199.54, hereinbefore referred to, plaintiff stated that the payment was made under protest. It asserted that the alleged assessment was made illegally, erroneously, and wrongfully; that the payment was made under protest because demanded and to avoid threatened penalties and the accumulation of excessive interest charges and the seizing of the taxpayer's property under warrant of distraint. Plaintiff reserved the right to recover all or any portion of the payment by any lawful process.

XI. On or about April 7, 1926, plaintiff filed with the collector of internal revenue its claim for refund of taxes illegally collected in the sum of $47,199.54. Plaintiff alleged that its application should be allowed for the following reasons:

"The additional assessment was beyond the power of the commissioner to make, the amount of income and profits taxes payable by claimant for said period having been theretofore determined and assessed by the commissioner, and the case having been closed; the commissioner made the said additional assessment in disregard of the determination and assessment theretofore made by him, and reopened the case without additional evidence or sufficient ground; the amount

of tax assessed was erroneously computed and excessive, and was determined without regarding claimant's right to a disclosure of the facts and evidence upon which same was based, and in violation of the fifth amendment to the Constitution of the United States; the assessment and collection of the said taxes were barred by limitation; and the additional assessment was illegal, excessive, and erroneous on other grounds, which claimant reserves the right to present in detail hereafter."

On or about May 12, 1926, the plaintiff's claim for refund was rejected by the Commissioner of Internal Revenue, the Commissioner stating in his letter of rejection that the evidence in hand did not warrant any change in the computation of the tax liability disclosed by the Commissioner's letter of March 25, 1924, hereinbefore referred to in finding VIII hereof.

XII. On or about May 9, 1927, the plaintiff filed another claim for refund of said sum of $47,199.54, on the following grounds:

"1. That the alleged tax is erroneous, excessive, and illegal.

"2. That the collection of said alleged tax was barred, at time of payment, by the tolling of the statute of limitations, for the following reasons to wit:

"a. That payment was exacted more than five years after the return was filed;

"b. That no suit or proceeding was instituted within the five-year period;

"c. That the return was not false or fraudulent, neither had 'both the commissioner and the taxpayer consented in writing to a later determination, assessment, and collection of the tax.' (See sec. 250 (d) rev. act 1921.)

"3. That, by reason of the expiration of the statute of limitations applicable, not only was the procedure for its collection barred, but the right, if any, of the Government to the alleged tax itself is extinguished. * * *

Reference is here made to a *claim in abatement*, also a *claim for refund*, together with supporting evidence and brief, heretofore filed with the Commissioner of Internal Revenue in reference to the said alleged tax, all of which is hereby reaffirmed and made a part hereof with the same force and effect as if hereto attached."

XIII. The defendant, the United States, still has and retains the sum of $47,199.54, herein sought to be recovered.

XIV. Plaintiff's return was neither false nor fraudulent, with intent to evade the tax, nor had plaintiff signed any waiver in connection with said calendar year nor any consent in writing with the Commissioner for a later determination, assessment, and collection of the tax.

XV. More than six months had expired since the filing of said claim for refund of May 9, 1927, and the Commissioner of Internal Revenue had rendered no decision thereon at the time of the filing of plaintiff's petition herein—on, to wit, February 21, 1928.

XVI. No other action has been taken, or had, either in Congress or by any of the departments of the federal government. The plaintiff is now and has always been the sole owner of the claim or claims herein referred to, and has not assigned or transferred the same, or any part thereof, or interest therein, and has at all times borne true allegiance to the government of the United States, and has not in any way voluntarily aided or abetted or given encouragement to rebellion against the government.

### Conclusion of Law.

Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court decides as a conclusion of law that the plaintiff is not entitled to recover and the petition is therefore dismissed. Judgment is rendered against the plaintiff in favor of the United States for the cost of printing the record herein, the amount thereof to be ascertained by the clerk and collected by him according to law.

See Oak Worsted Mills (Ct. Cl.) 38 F. (2d) 699, decided February 17, 1930.